E-FILED
Wednesday, 10 September, 2025  08:51:17 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

DAVID ROBERT BENTZ
    Plaintiff,

v.

FRANK CATINO,
    Defendant.

Case No. 3:23-cv-03005-JEH

**Order**

In July 2025, the Court directed Plaintiff David Robert Bentz to show good cause why his case should not be dismissed for failing to comply with the Court's Order (Doc. 26) regarding initial discovery. Plaintiff has filed his response. Plaintiff's case is dismissed with prejudice for the following reasons.

**I**

Plaintiff, an inmate at Western Illinois Correctional Center ("Western"), filed an Amended Complaint, alleging constitutional violations at Western against unidentified individuals. (Pl. Compl., Doc. 14 at 6:39; 7:42.) Plaintiff later named dentist Frank Catino and nurse Donna Bowman as Defendants (Doc. 31.) The court later granted summary judgment in favor of Bowman, concluding that Plaintiff did not exhaust his administrative remedies on the claim asserted against her. (Doc. 72.) Plaintiff's remaining allegation is that Defendant Catino disregarded his tooth pain. (Doc. 14 at 7:42.)

On August 5, 2024, the Court entered a Scheduling Order that directed Plaintiff to provide the following information to Defendant Catino by September 4, 2024:

    A. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;

    B. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims;

    C. Any information Plaintiff has to help identify the Doe defendants, if Doe Defendants are named;

    D. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

(Doc. 40 at 2-3:5.)

On September 10, 2024, Defendant Catino filed a Motion to Compel (Doc. 42), requesting the Court direct Plaintiff to provide his initial disclosures. The next day, the Court granted Catino's filing, ordering Plaintiff to provide his initial disclosures by September 25, 2025, and informing Plaintiff that failure to comply may result in the dismissal of Plaintiff's case.

On October 11, 2024, Defendant Catino filed his Second Motion to Compel Plaintiff's Initial Disclosures (Doc. 52), requesting the Court order Plaintiff to provide the identities of persons with knowledge of the alleged claims and disclose his injuries and relief sought. The Court granted Catino's request on December 6, 2024, ordering that "[i]f not already accomplished, Plaintiff shall, by December 27, 2024, provide Defendants the names of the persons with knowledge of the relevant incidents and a statement of his injuries and relief he seeks. Failure to [c]omply may result in the dismissal of Plaintiff's case." (Dec. 6, 2024, Order.)

On January 24, 2025, Defendant Catino filed a Third Motion to Dismiss or Compel (Doc. 64). Specifically, Catino again sought Plaintiff's initial discovery,

responses to initial and supplemental interrogatories, and the production of Documents. (Doc. 64 at 3-4.)

In his response, Plaintiff claimed to have responded to all discovery in compliance with the Court's Order. (Doc. 74 at 2:5.) However, although Plaintiff addressed Defendant Catino's interrogatory and document production requests, he did not comment on Catino's request that this case should be dismissed based on Plaintiff's failure to comply with the Court's initial discovery directive. Catino states that as of January 2025, when he filed his Third Motion to Dismiss or Compel, Plaintiff had not complied with the Court's Order regarding his initial discovery obligations. (Doc. 64 at 2:7.) Catino requested that the Court dismiss Plaintiff's case for failing to comply with the Court's Orders to provide initial discovery.

Plaintiff has since filed a response to the Court's Order to show good cause why this case should not be dismissed for failing to comply with the court's instructions regarding initial discovery.

## II

Federal Rule of Civil Procedure ("Rule") 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* The Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs … to achieve the orderly and expeditious disposition of cases." *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal quotations omitted).

3

In addition, Rule 16(f) authorizes the Court to sanction a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) also provides that a Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," in the face of such noncompliance.

Finally, Federal Rule 37 authorizes a district court to dismiss a case for discovery violations or for bad faith conduct in litigation. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (citations omitted); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (holding that a district court may dismiss a case pursuant to Federal Rule 37 when the court finds "willfulness, bad faith or fault on the part of the defaulting party."). A district court may also dismiss a cause under its inherent authority to manage its docket and an individual case. *Greviskes*, 417 F.3d at 759.

Plaintiff initially claims that he was "waiting" for Defendants to produce all their initial disclosures. (Doc. 76 at 1:1.) In this regard, Plaintiff states that his medical records were incomplete and inaccurate. However, the Court's Scheduling Order mandated Plaintiff provide his initial disclosure by September 4, 2024, and did not provide the option to delay this obligation unilaterally. Furthermore, to the extent Defendants' initial disclosures were incomplete, Plaintiff failed to file a Motion to Compel as outlined in paragraph twenty of the Court's Scheduling Order. (Doc. 40 at 6-7:20.)

Plaintiff also claims that he believed that discovery had been stayed when Defendant Bowman filed her dispositive motion regarding exhaustion of administrative remedies. However, Bowman filed her dispositive motion (Doc. 55) on November 25, 2024, two months and three weeks after Plaintiff's initial discovery deadline expired. Additionally, Bowman did not move to stay proceedings as required by the Court's Scheduling Order. (Doc. 40 at 2:4) (advising that after filing a Motion for Summary Judgment regarding exhaustion of

administrative remedies, "[d]iscovery will not be stayed unless Defendants file a motion to stay discovery"). At no time did this Court stay proceedings in this case.

The Court infers that Plaintiff is aware of the importance of compliance with the Court's Orders and the rules and procedures governing federal civil cases based on the thirty-two cases he has filed since 2011 in the United States District Courts for the Northern, Central, and Southern Districts of Illinois.

However, as outlined, Plaintiff has failed to comply with the Court's Orders to satisfy his discovery obligations and, by extension, litigate the instant case. Specifically, Plaintiff has not provided his initial discovery responses as ordered by the Court and as required by the Federal Rules of Civil Procedure. The Court warned Plaintiff in the Scheduling Order and subsequent orders that it would dismiss this case if he failed to comply promptly with his discovery obligations. Despite the Court's warnings, Plaintiff has not demonstrated that he provided his initial discovery responses to Defendant Catino.

Therefore, the Court dismisses Plaintiff's case pursuant to Rule 16(f), Rule 37(b), Rule 41(b), and as a sanction for failing to comply with his discovery obligations and with the Court's Orders. *See Dukes v. Cox*, 657 F. App'x 596, 598–99 (7th Cir. 2016) (noting that a party's "failure to cooperate in discovery" and violating a court's orders may warrant "dismissal under either Rule 16(f) and 37(b) or Rule 41(b)"); *see also Lasisi v. Follett Higher Educ. Group, Inc.*, 598 F. App'x. 437, 440 (7th Cir. 2015) ("District courts enjoy wide discretion in supervising discovery and deciding whether to impose sanctions for disobedience of its orders.").

### III

In light of the foregoing, the Court Orders as follows:

1) Defendant Catino's Motion to Dismiss or Compel (Doc. 64) is GRANTED.

2) This case is DISMISSED WITH PREJUDICE under Federal Rules of Civil Procedure 16(f), 37(b), and 41(b), and for Plaintiff's failure to comply with

the Court's Orders.

3)  The Clerk of the Court is DIRECTED to enter judgment in favor of Defendants and against Plaintiff under Federal Rule of Civil Procedure 58.

4)  If Plaintiff wishes to appeal this judgment, she must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, she will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: September 10, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge

6